Michael R. Totaro 102229
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
310 804 2157
Ocbkatty@aol.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Church of All Faiths, Inc.<br><br>Debtor in Possession. | Case No. 4:25-bk-42280-CN<br><br>Chapter 11<br><br>APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND TOTARO & SHANAHAN, LLP AS GENERAL INSOLVENCY COUNSEL AND APPROVAL OF HOURLY FEE; DECLARATIONS IN SUPPORT<br><br>[NO HEARING REQUESTED-<br>BLR -9014-1(b)(3) |

TO THE HONORABLE COURT, THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

Church of All Faiths, Inc. (hereinafter Faiths) the debtor in possession in the above captioned case (Debtor"), seeks an order approving its retention of Michael R. Totaro (Totaro), Maureen J. Shanahan ("Shanahan") and Totaro & Shanahan, LLP (the "Firm"), as general insolvency counsel, effective December 6, 2025 pursuant to 11 U.S.C. sections 327, 330, 331, FRBP 2014(a) and LBR 1914-1(b)(3),and approval of hourly billing rates. In support of this application Debtor represents:

1. On or about December 6, 2025 Debtor retained the law firm of Totaro & Shanahan, LLP ("the Firm") to represent Debtor in this Chapter 11 bankruptcy

proceeding. Services commenced at that time including amending the Petition, review of assets and review of loan documents and other assets.

2. Debtor had previously filed a Petition on December 5, 2025 by its' President Jeffery M. Parker. Debtor remains in possession of its property and estate as debtor in possession as no trustee has been appointed. Since the commencement of this case Debtor has continued to manage its affairs as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Debtor is a non-profit corporation and as such cannot appear without counsel. Debtor's representative has no legal experience or knowledge of the bankruptcy laws and therefore it is necessary for Debtor to engage the services of experienced insolvency counsel to ensure he receives adequate legal advice and representation in this bankruptcy case.

4. Debtor has selected and retained the Firm to represent Debtor in this bankruptcy proceeding. The Totaro and Shanahan are admitted to practice before this Court and have considerable experience in bankruptcy matters having represented numerous debtors in Chapters 7, 11 and 13 bankruptcy proceedings. Totaro is well-qualified to represent Debtors in this chapter 11 case. Totaro will be primarily responsible for the Firm's representation in this chapter 11 case. Debtor cannot appear in Court without counsel and therefore it is necessary to employ bankruptcy counsel to represent Debtor's interests in this chapter 11 bankruptcy proceeding. Debtor would be unable to reorganize without the benefit of competent legal advice. Retention of General Bankruptcy Counsel for the representation set forth herein will afford the Debtor the benefit of experienced bankruptcy counsel familiar with the affairs of the Debtor as they relate to this Chapter 11 proceeding. Debtor represents that employment of Totaro and the Firm would be in the best interests of the estate.

5. Totaro and the Firm will render services on an hourly basis at the rate of $650.00 per hour for attorneys and $150.00 per hour for paralegals. The parties have signed a fee agreement for this amount. Each of the attorneys have over 43 years of legal

Case: 25-42280    Doc# 6    Filed: 12/07/25    Entered: 12/07/25 21:13:16    Page 2 of 11

experience as set forth in the declaration of Michael R. Totaro submitted with this application.

6. In seeking future payment for attorney's fees from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 327, 330, and 331 and local bankruptcy rules and understands that its competition will be subject to the approval of the Court.

7. The Firm has received no retainer for the post-petition services to be performed herein. The Firm will render services to the Debtor at the Firm's regular hourly rates, which may be adjusted from time to time. The Firm understands that its compensation in this case is subject to approval by the Bankruptcy Court. In compliance with Sections 330 and 331 of the Bankruptcy Code, the Firm intends to file applications for allowance of fees and reimbursement of costs as and when appropriate.

8. The Firm will not share or agree to share any compensation to be received by it in this case with any other person, except as among partners of the Firm.

9. Among the legal services rendered pre-petition or that Debtor will require to be rendered by Totaro and the Firm in this case, include but are not limited to:

    a. Document preparation, including the petition and schedules, status reports, review and consultation concerning Monthly Operating Reports, and personal attendance at all hearings, included but not limited to the Status Conference, Initial Debtor Interview ("IDI"), the meeting of creditors pursuant to Bankruptcy Code section 341(a) or any continuance thereof, all status conferences; preparation of any first day motions and employment applications and all hearings on motions, the disclosure statement and plan;

    b. Consultation with Debtor's representative concerning documents needed and reports to be prepared and consultation with real estate counsel re title and other issues;

    c. Assisting Debtor in preparation of documents for compliance with the requirements of the Office of the United States Trustee ("OUST");

3

d. Negotiations with secured and unsecured creditors regarding the amount and payment of their claims;

e. Discussions with Debtor's representative concerning the Disclosure Statement and plan of reorganization;

f. Preparation of the Disclosure Statement and Chapter 11 Plan of Reorganization and any amendments/changes to the same.

g. Submission of ballots to creditors, tally of ballots and submission to the Court;

h. Response to any objections to disclosure statement and/or plan;

i. Negotiations with creditors as to values, etc and the plan of reorganization;

j. Response to any motions for relief from stay, motions to dismiss or any other motions or contested matters;

10. In cases involving litigation, if ligation counsel is employed the Firm will assist in the following matters. In cases where no litigation counsel is employed, the Firm will undertake the following matters:

a. The preparation, submission and prosecution of any adversary proceedings that may be necessary to the case including but not limited to determining the value of real property as collateral and extinguishing unsecured liens on real property;

b. Review of proofs of claims and if necessary, preparation of formal objections with respect to claims asserted;

c. Opposition to any motion sought by trustee, court and/or creditors;

d. Any other adversary matter that arises during the administration of this chapter 11 case.

11. Totaro and the Firm do not have any other connections with the Debtor, the creditors, any party in interest, their respective attorneys or accountants, or with the Office of the United States Trustee. Mr. Totaro and the Firm do not represent any interests adverse to the estate and Totaro and the Firm is a disinterested person as defined

in 11 U.S.C. § 101(14) and 11 U.S.C. § 327(a) as is more specifically set forth in the Declaration of Michael R. Totaro.

12. The Firm consists of two attorneys and one paralegal who are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and will comply with them. Each of attorneys are duly admitted to practice law before the Courts of the State of California both state and federal, before the Ninth Circuit Court of Appeals, various other Circuit Courts and the United States Supreme Court.

13. No promises have been made by the Firm or any principal or associate in connection with this case and its outcome and the Firm has no agreement with any other entity to share any compensation received by the Firm in connection with the case.

**WHEREFORE**, Debtors respectfully requests that it be authorized and empowered to employ Totaro and the Firm as counsel to aid in these proceedings, and for approval of the hourly rate and for such other and further relief as the Court may deem proper under the circumstances.

Dated: December 7, 2025

Totaro & Shanahan

By /s/ Michael R. Totaro
Michael R. Totaro

Reviewed and approved:

Dated: December 7, 2025_____

_____
Jeffrey M. Parker
President, Debtor in Possession

Michael R. Totaro 102229
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
310 804 2157
Ocbkatty@aol.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Church of All Faiths, Inc.<br><br>    Debtor in Possession. | Case No. 4:25-bk-42280-CN<br><br>Chapter 11<br><br>**DECLARATION OF JEFFREY M. PARKER IN SUPPORT OF APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND TOTARO & SHANAHAN, LLP AS GENERAL INSOLVENCY COUNSEL**<br><br>**[NO HEARING REQUESTED-<br>    BLR -9014-1(b)(3)** |

I, Jeffrey M. Parker, declare:

1. I am the President of the Debtor in Possession in the above-entitled chapter 11 bankruptcy case. As such I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2. On or about December 6, 2025 I retained the services of Michael R. Totaro ("Totaro") and the law firm of Totaro & Shanahan, LLP ("the Firm") to represent me in a Chapter 11 bankruptcy case. I met with Totaro to discuss the problems with my case and to review my financials, the feasibility of filing a Chapter 11 proceeding and what would be expected of me in that proceeding.

3. We have discussed the bankruptcy laws and procedures and I understand as an entity the debtor cannot appear without counsel. It is therefore necessary that I

6

retain the services of Totaro and the Firm to assure the Debtor is properly represented and receives adequate advice and representation in this chapter 11 bankruptcy case.

4. I selected Totaro and the Firm to represent Debtor and perform legal services in this bankruptcy case as Totaro and the Firm have considerable experience in all aspects of bankruptcy law.

5. I have signed an agreement on behalf of the Debtor to pay the Firm $650.00 an hour for post-petition services and $150.00 an hour for paralegal time.

6. Totaro and the Firm are available to consult with me in this matter and have provided considerable legal advice and services on behalf of the Debtor is this case since the case was filed improperly pro se. Totaro and the Firm continue to remain available and respond promptly to my questions and concerns.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2025 at Oakland, CA.

_____

Jeffrey M. Parker

7

Case: 25-42280    Doc# 6    Filed: 12/07/25    Entered: 12/07/25 21:13:16    Page 7 of 11

Michael R. Totaro 102229
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
310 804 2157
Ocbkatty@aol.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Church of All Faiths, Inc.<br><br>    Debtor in Possession. | Case No. 4:25-bk-42280-CN<br><br>Chapter 11<br><br>**DECLARATION OF MICHAEL R. TOTARO IN SUPPORT OF APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY MICHAEL R. TOTARO, MAUREEN J. SHANAHAN AND TOTARO & SHANAHAN, LLP AS GENERAL INSOLVENCY COUNSEL AND APPROVAL OF HOURLY FEE; DECLARATIONS IN SUPPORT**<br><br>**[NO HEARING REQUESTED-<br>    BLR 9014-1(b)(3)** |

I, Michael R. Totaro, declare:

    1.    I am an attorney at law duly licensed to practice before this court and all state and federal courts in California and a partner in the law firm of Totaro & Shanahan ("the Firm"), proposed attorneys of record for debtor/debtor in possession in this case. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto. Neither myself nor my partner have current resumes as we have worked together since we opened our practice in 1983. I am including in this declaration a summary of our background, training and experience in lieu of a resume.

2. I graduated from De Paul University in Chicago in 1970 with a BA degree in Music Education. Beginning in 1973 I was managing restaurants in the Chicago area. After managing a well-known seafood restaurant in the Chicago area, I was hired by companies with failing restaurants to attempt to rescue and make them profitable. In this regard, I was involved in concept development, planning, budgeting, administration, ordering, employee development and training. In short, to turn the restaurants around I had to be familiar with every aspect of the business. I developed strong management skills and an eye for detail and organization.

3. I graduated from University of California, Hastings College of the Law in San Francisco in 1981. Following Hastings, and taking the California Bar, in 1982 I completed a Master of Law program at George Washington University, The National Law Center in Law, in Law, Psychiatry and Criminology. I was admitted to the California Bar in December 1981. My partner, Maureen J. Shanahan also graduated from DePaul University Summa Cum Laude in 1976, graduated from University of California, Hastings College of the Law in San Francisco in 1981 as Order of the Coif and a member of the Thurston Society both awarded to students in the top 10 percent of their class. Ms. Shanahan also completed her Master of Law degree from George Washington University, the National Law Center in Law, Psychiatry and Criminology in 1982. She was admitted to the California Bar in December 1981 and the Louisiana Bar in January 2020.

4. Since 2003 our firm has handled bankruptcy cases almost exclusively. During that time we have filed dozens of Chapter 7 and 13 cases and over 240 Chapter 11 cases.

5. I have also taught an appellate process class for one year at Pepperdine University and more recently for the extension program at UCLA. I have also taught the bankruptcy section of the paralegal program at UCLA.

6. Post-petition services will be billed at $650.00 an hour for attorney time and $150.00 an hour for paralegal time. As Counsel we will seek Court approval pursuant to the Bankruptcy Code, the Local Bankruptcy Roles and US Trustee Guidelines

9

for all post-petition services and cost and no payment shall be made by Debtors until approved by this Court.

      7.    My investigation of **disinterestedness** prior to submitting this statement consisted of a review of my list of current and past clients and contacts.

      a.    Neither myself nor anyone in the Firm have had contact with Debtors' creditors or any other parties in interest or their attorneys and accountants other than as possible adversaries in other cases.

      b.    Neither myself nor the Firm have other connections with or contact with Debtors, except as listed herein, Debtors' creditors or any other parties in interest or their attorneys. It is possible that we may have been adversaries to some of the debtor's creditors and/or the attorneys who may ultimately represent them.

      c.    Neither myself nor anyone in the Firm represents or holds any interest in debtor's bankruptcy estate and does not represent any other individual or entity having an adverse interest to Debtors concerning this bankruptcy case.

      d.    Neither myself nor anyone in the Firm are creditors, equity security holders or an insider of the Debtors.

      e.    Neither myself nor anyone in the Firm are or was an investment banker for any outstanding security of the Debtors.

      f.    Neither myself nor anyone in the Firm have ever been an investment banker for a security of the Debtors, or an attorney for such investment banker concerning the offer, sale or issuance of any security of the Debtors.

      g.    Neither myself nor anyone in the Firm holds or represents any interests materially adverse to the estate or of any class of creditors or equity security holder, because of any direct or indirect relationship to, connection with or interest in, the Debtors or an investment for any security interest of the Debtors, or for any other reason.

      h.    Neither myself nor anyone in the Firm are relatives or employees of the United States Trustee or a Bankruptcy Judge.

///

///

i. This statement of disinterestedness is prepared by

> Michael R. Totaro
> State Bar No. 102229
> Totaro & Shanahan, LLP
> P.O. Box 789
> Pacific Palisades, CA 90272
> (310) 804-2157 (v)

on behalf of myself and as a principal of the Firm.

j. After conducting the investigation described herein, I am therefore informed and believe that myself and the Firm is disinterested as that term is defined in 11 U.S.C. section 101(14).

11. Considering the foregoing I do not believe there is any conflict in the Firm's representation of Debtor, particularly as we are seeking to consolidate this case with the Lees individual chapter 11.

12. My partner Maureen J. Shanahan and myself are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Northern District of California and shall comply with them.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2025

/s/ Michael R. Totaro
Michael R. Totaro

11

Case: 25-42280   Doc# 6   Filed: 12/07/25   Entered: 12/07/25 21:13:16   Page 11 of 11