Michael R. Totaro (102229)
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272
310 804 2157
Ocbkatty@aol.com

Attorneys for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Church of All Faiths, Inc.<br>    Debtor in Possession, | Case No: 3:25-bk-42280-CN<br><br>Chapter 11<br><br>DCN MRT-1<br><br>Corrected<br>**Memorandum of Points and Authorities; Declaration of Michael R. Totaro in Support Thereof.**<br><br>Date:  February 27 2026<br>Time:  11:00 am<br>Place:  Ct Rm 215<br>        1300 Clay St. 2nd Fl Oakland, Ca 94612 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS CHAPTER 11 PROCEEDINGS

### STATEMENT OF FACTS

    The purpose of this motion is to seek an order of this court dismissing debtor's Chapter 11 case. The reason for the motion is that the purpose behind the filing of this proceeding has been voided by a stipulation as to the treatment of creditor's claim, a true

and correct copy of which has been filed and attached hereto and incorporated herein by reference.

## ARGUMENT

### I. THIS COURT IS AUTHORIZED TO ISSUE AN ORDER ALLOWING DEBTOR TO VOLUNTARILY DISMISS THE CHAPTER 11 PROCEEDING.

11 U.S.C. § 1112, subdivision (b) gives this Court the power to permit debtors to voluntarily dismiss their Chapter 11 case. In pertinent part this section states:

>  (b)
>
> (1)Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2)The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate,

Of course, the problem is that this statute is usually defined in the negative. Instead of stating what cause for a dismissal is, most of the cases discuss what is not good cause.

There are, however, some guidelines. First, dismissal is not warranted if it were sought merely to include debts that were incurred after the initial filing. *Matter of Poirier,* 16 B.R. 539 (Bankr. D. Conn. 1982); *In re Underwood*, 7 B.R. 936, 938 (Bankr. S.D. W. Va. 1981). In this case debtor has no intention at this point in time of attempting to refile another bankruptcy case and no post petition debt has been incurred. *See* Declaration of Michael R. Totaro para. 4, attached hereto and incorporated herein by reference as Exhibit "A."

A second reason a debtor is not permitted to dismiss a case is when the debtor is expecting to receive property or has received property after the case has been filed, designed to satisfy the debts. *Maixner v. Surratt-States (In re Maixner)* 288 B.R. 815 (B.A.P. 8th Cir. 2003). Again, this is not the case here. *See* Totaro, Dec. para. 4.

A third reason advanced against dismissal is where the debtor is attempting to transfer the case to another jurisdiction. *In re Kapsos,* 18 B.R. 88 (Bankr. S.D. Fla. 1982). A fourth reason advanced against dismissal is to render a previously non-dischargeable debt, dischargeable. *In re Leach,* 130 B.R. 855 (B.A.P. 9th Cir. 1991. Neither of these last two reasons is appropriate in this case. *See* Totaro, Dec. para. 4.

As part of the request for dismissal, debtor will agree to pay any outstanding United States Trustee fees. That amount appears to be $500.00. *See* Totaro, Dec. para. 3. Where courts have permitted the debtors to dismiss, some have conditioned dismissal on payment of the trustee's fees. *In re Waldman,* 5 B.R. 401 (Bankr. S.D.N.Y. 1980). In fact, some courts have held the trustee has no standing to object to a dismissal where the debtor agrees to pay the trustee's fees. *In re Wolfe,* 12 B.R. 686 (Bankr. S.D. Ohio 1981); *In re Jackson,* 7 B.R. 616 (Bankr. E.D. Tenn. 1980).

## **CONCLUSION**

Based on the above, debtor respectfully request this Court to dismiss the Chapter 11 proceeding.

Dated: February 17, 2026

                                            Totaro & Shanahan

                                            By: /s/ Michael R. Totaro
                                                    Michael R. Totaro
                                                    Attorneys for Debtor